IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 26, 2005

## STATE OF TENNESSEE v. TIMOTHY LLOYD

**Direct Appeal from the Criminal Court for Putnam County**
**No. 03-0338     Leon Burns, Jr., Judge**

**No. M2005-00184-CCA-R3-CD - Filed August 17, 2005**

This is a direct appeal from a conviction on a jury verdict of driving under the influence of an intoxicant (DUI), third offense, a Class A misdemeanor. The trial court sentenced the Defendant, Timothy Lloyd, to eleven months and twenty-nine days, with 120 days to be served in the county jail. The Defendant now appeals, contending that the evidence submitted at trial was insufficient to support his DUI conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and J.C. MCLIN, J., joined.

H. Marshall Judd, Assistant Public Defender, Cookeville, Tennessee, for the appellant, Timothy Lloyd.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William E. Gibson, District Attorney General; and Thomas Tansil and Anthony Craighead, Assistant Attorneys General, for the appellee, State of Tennessee.

### OPINION

### FACTS

The record reflects that on the night of July 21, 2002, Monterey Police Officer Richard Lynch clocked the Defendant driving forty-five miles per hour on a portion of Commercial Avenue zoned for a maximum of thirty miles per hour. Officer Lynch followed the Defendant's vehicle for a short period of time, during which time he observed the Defendant cross the double yellow line two times. Officer Lynch activated his blue lights, and the Defendant turned onto a residential street. The Defendant stopped his vehicle in the middle of his lane of traffic despite the availability of a side shoulder. When Officer Lynch approached the Defendant, he detected an odor of alcohol, observed

that the Defendant had red, watery eyes, and was unstable when he exited the vehicle. There were beer bottles and cans littered about the interior of his vehicle. The Defendant informed the officer he had consumed two beers several hours earlier. After conducting several field sobriety tests, the Defendant was arrested for DUI.

In September of 2003, the Defendant was indicted by a Putnam County grand jury for DUI, third offense. See Tenn. Code Ann. §§ 55-10-401, -403. The Defendant received a jury trial in January of 2004. At trial, Officer Lynch testified that he administered six separate field sobriety tests, and the Defendant failed all but one. Officer Lynch first administered the alphabet test, and the Defendant was able to correctly recite the alphabet. Officer Lynch then requested that the Defendant count backwards from thirty-six to twenty-four. On his first attempt the Defendant stopped at twenty-five, and he again missed his mark by counting to twenty-three on a second try. Officer Lynch testified that he determined the Defendant failed this test.

Officer Lynch next administered the finger dexterity test, whereby the Defendant was to touch his finger tips to his thumbs while counting from one to four and then back down to one. Officer Lynch stated that the Defendant failed to touch his fingers in the correct order, and failed to properly count, thereby failing the test. As a fourth test, Officer Lynch requested that the Defendant conduct the "walk and turn" or "heel to toe" test. The Defendant was requested to take nine steps in a straight line, touching his heel to his toe while counting aloud, and then turn around and return in the same manner. However, the Defendant failed to touch his heel to his toe nine times during his round trip and walked beyond the requested nine steps on both the outbound and inbound portions of the walk. As a fifth test, Officer Lynch asked the Defendant to stand with his arms to his side and his head tilted back for what he believed to be thirty seconds. The Defendant managed only twelve seconds, and swayed back and forth to the extent that Officer Lynch terminated the test because he feared the Defendant would fall over.

As a final field sobriety test, Officer Lynch asked the Defendant to stand on one leg and maintain his balance while counting to thirty. According to Officer Lynch's testimony, the Defendant "wave[ed] his arms about" and was unable to perform the test. Officer Lynch concluded that the Defendant was impaired based on his initial observations and the Defendant's poor performance on five of the six field sobriety tests. He placed the Defendant under arrest for DUI. The Defendant was transported to the police station for booking, where he was advised of his rights under the implied consent law, as well as the ramifications of refusing to submit to a blood alcohol test. The Defendant nonetheless refused to submit to a blood test.[1]

Officer Lynch further testified that the Defendant's demeanor throughout the entire process was one of agitation. An inventory of the Defendant's vehicle resulted in the discovery of "numerous" beer cans and bottles; one beer bottle was three quarters empty and its contents still cold, which indicated to the officer that it was being consumed at the time of the stop.

---

[1]The Defendant also refused to sign the implied consent form.

On cross-examination, Officer Lynch admitted that the Defendant passed one of the six field sobriety tests, and that the Defendant had a passenger with him in the vehicle at the time of the stop. Officer Lynch further stated that he believed the breathalyzer machine was broken at the time of the Defendant's arrest, and thus the Defendant was offered only a blood test.

The Defendant testified that he suffered from anxiety, and was nervous about being stopped for the second time in one night. The Defendant stated that he had been stopped by a State Trooper only hours earlier and given a speeding ticket, but was released to continue driving. He further stated that he informed Officer Lynch that he had two beers four to five hours prior to being stopped, but the open bottle belonged to his passenger.

The Defendant also challenged Officer Lynch's conclusion pertaining to his lack of success on the field sobriety tests. The Defendant claimed that he not only passed the second test (counting backwards), but surpassed the requirements by counting further than he was asked. The Defendant also testified that he believed he also passed both the finger to thumb test and the heel to toe test. As to the last two tests, the Defendant admitted he performed the head back for thirty seconds test incorrectly, and could not remember his performance on the one leg stand test.

The Defendant further testified that the reason he refused to take a blood test was because he was on prescription medication, and he believed a blood test would "automatically" lead to a DUI conviction. The Defendant added that he volunteered to take a breathalyzer test, but was not given the opportunity to do so. On cross-examination, the Defendant admitted he had no physical problems that would have hindered his performance on the field sobriety tests. He also stated that he believed he was not impaired by his alcohol consumption the night of his arrest, but that his prescription medication "could have" affected the way he acted.

At the conclusion of the trial, the jury found the Defendant guilty of DUI. The Defendant stipulated to two prior DUI convictions, and the trial court issued a judgment against the Defendant for DUI, third offense. The Defendant was sentenced to eleven months and twenty-nine days with the required minimum of 120 days to be served in the county jail. In addition to the jail sentence, the Defendant was fined $1,110, his driver's license was suspended for three years, and he was required to complete a court ordered alcohol assessment program.

The Defendant timely filed a combined motion for a new trial or judgment of acquittal, alleging insufficient evidence. An evidentiary hearing was scheduled for March of 2004; however, the Defendant, who had made bond, failed to appear at this hearing and a capias was issued for his arrest. In December of 2004, the trial court entered an order denying the Defendant's motion for a new trial. The Defendant timely filed a notice of appeal.

## ANALYSIS

The Defendant is now before this Court with a claim that the evidence presented at trial was insufficient to convict him, beyond a reasonable doubt, of driving under the influence of an intoxicant.[2] We disagree.

We begin by noting that the Defendant has failed to adequately support his claim with an argument as required by Tennessee Rules of Appellate Procedure. Although the Defendant cites to the record in a narrative of his case's procedural history, and also recites standard case law pertaining to appellate review of the sufficiency of evidence, he fails to draw any nexus between the legal standards to which he points and the issue raised on appeal. Indeed, the Defendant's entire "argument" as stated in his appellate brief consists of the following: "Defendant alleges that the facts are insufficient as a matter of law to sustain his conviction."

Our Court requires that, on appeal, a defendant present an argument, make appropriate references to the record, and cite relevant legal authority in support of his or her argument. See Tenn. Ct. Crim. App. R. 10(b).[3] Additionally, all Tennessee appellate level courts require the appellant's brief to contain an argument, citations to authorities, and appropriate references to the record. See Tenn. R. App. P. 27(a)(7).[4] Failure to comply with these basic rules will ordinarily constitute a waiver of the issue. See Tenn. Ct. Crim. App. R. 10(b); State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000).

In the present case, the Defendant makes no legal argument supported by citations to the record, save a one sentence recitation of the issue presented for review. Under these circumstances we are not obligated to review this issue as it is presented. See State v. Keller, 813 S.W.2d 146, 150 (Tenn. Crim. App. 1991) ("Bald assertions unaccompanied by legal argument or citations to authorities are waived"). Nonetheless, we elect to address the Defendant's claim.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn.

---

[2] The Defendant does not challenge the determination that should the DUI conviction in this case stand, it would be his third.

[3] "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."

[4] "The brief of the appellant shall contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on."

2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

The Defendant was convicted of driving under the influence of an intoxicant in violation of Tennessee Code Annotated section 55-10-401. This statute makes it unlawful for "any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . . while: (1) Under the influence of any intoxicant . . . ." Tenn. Code Ann. § 55-10-401(a)(1).

The Defendant asserts that the State presented insufficient evidence to sustain his conviction for DUI. Because the Defendant failed to articulate any specific argument in his appellate brief as to exactly how the State's evidence fell short of that needed to support a conviction for DUI, this Court will infer the Defendant raises the same arguments on appeal that he argued in the trial court. At trial, the Defendant testified that he was not impaired, and surmised that this claim was corroborated by the State Trooper who had earlier in the evening issued him a speeding ticket, but did not question his ability to continue driving. Additionally, the Defendant challenged the arresting officer's conclusions as to his failure of several of the field sobriety tests, and asserted that his poor performance may have been due to his anxiety disability, general nervousness, and possibly his prescription medication.

The record reveals that Officer Lynch witnessed the Defendant speeding and move across a double yellow line two times before he pulled him over. Additionally, when the Defendant finally did stop, he did so in the middle of the road. Officer Lynch also testified that as he first approached the Defendant he noticed an odor of an alcohol about him. He observed that he had red and watery eyes and difficulty exiting the vehicle. Officer Lynch further testified that the Defendant stated that he had two beers several hours prior to the incident, and several beer bottles and cans were observed in the Defendant's car. Many more alcoholic beverage containers were discovered when the vehicle was inventoried, including one bottle which contained beer that was still cold.

The evidence before this Court also indicates the Defendant was given six separate field sobriety tests and failed five of them. The administering officer, Officer Lynch, testified that he had over fifteen years experience as a police officer and had also completed specialized training courses in DUI offenses and the administration of field sobriety tests. Officer Lynch determined the Defendant failed five field sobriety tests, the last two of which had to be terminated early because the Defendant was unable to perform them and looked as if he would fall down.

The Defendant testified that he believed he passed the first four sobriety tests, but admitted to failing the fifth and had no memory of his performance of the sixth. The Defendant points to no other challenges to Officer Lynch's testimony other than his own statements.

We note that this Court has often found that an arresting officer's testimony alone is sufficient to support a defendant's conviction for driving under the influence of an intoxicant. See, e.g. State v. Vasser, 870 S.W.2d 543, 544 (Tenn. Crim. App. 1993). Furthermore, all the arguments that can be inferred from the Defendant's appellate brief, such as the Defendant's performance on the field sobriety tests, go to the weight and credibility of the evidence, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236.

The Defendant has failed to carry his burden of demonstrating that no rational tier of fact could find the essential elements of driving under the influence of an intoxicant beyond a reasonable doubt based on the evidence presented at trial. Thus, after considering all of the evidence presented in the light most favorable to the State, we conclude that the evidence was sufficient to support the Defendant's conviction for DUI. This issue has no merit.

## CONCLUSION

Based on the reasoning and authorities cited above, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE